UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GREGORY STEWART** | **CIVIL ACTION NO. 20-0250** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **TENSAS DETENTION CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Stewart, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on approximately February 25, 2020, under 42 U.S.C. § 1983. He names the following defendants: Tensas Detention Center, Lieutenant Fry, Sergeant John Doe, Jane Doe(s), Warden Smith, and the Department of Corrections.[1]

For reasons below, the Court should dismiss Plaintiff's claims. If Plaintiff intends to pursue negligence claims, he should file a proceeding in state court.

## Background

Plaintiff alleges that, on March 22, 2019, he and another prisoner at Tensas Detention Center engaged in a verbal disagreement. [doc. # 7, p. 2]. He writes: "After having [the] verbal argument we went our separate ways. A [w]hole day passed where we didn't have a disagreement at all so I thought everything was okay." *Id.* However, on March 23, 2019, at 2:00 a.m. in "G Dorm," the other prisoner threw a mixture of boiling water and sugar on Plaintiff while he was sleeping, which caused second-degree burns to his face, hands, arms, and lower

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

body. [doc. # 1, p. 3]. Plaintiff had no "knowledge [that] the incident would take place," and he "had no idea that things would go this far . . . ." [doc. # 7, p. 2].

The pair fought "for several hours . . . ." [doc. # 7-1, p. 1]. When Plaintiff realized the extent of his burns, he "went to the key only to find it had been empty the entire night." *Id.* "To no avail," he called for help several times "to get the attention of the staff . . . ." *Id.* He and the attacking prisoner walked to the key several times to request medical care, "but no one ever answered." *Id.* "The staff never did [a] tier check to check on the Dorm." *Id.* The following morning at approximately 8:20 a.m., "the next shift" found Plaintiff "passed out and burned 2nd degree. [sic]." *Id.* at 1-2.

Officials rushed Plaintiff to Franklin Medical Center. *Id.* at 2. An ambulance then transported him directly to a burn center in Mississippi, where he underwent immediate surgery. *Id.* He received skin grafts on his neck, head, arms, and hands. [doc. # 1, p. 4]. He was eventually transported to Hunts Medical Ward, where he received treatment until "the middle of April . . . ." [doc. # 7-1, p. 2].

Here, Plaintiff claims that Lieutenant Fry and Sergeant John Doe failed to protect him, alleging that they must have been sleeping in the "key" at the time. *Id.* at 3-4. He claims that Fry and Doe committed several acts of "neglection": (1) failing to be in the "key all night"; (2) failing to "participat[e] in tier checks at the proper times which should be every hour on hour after 12 a.m."; and (3) failing to monitor cameras. [doc. # 7, p. 1]. He adds: "if the staff at Tensas Detention Center had been in [the] proper place during or after the incident . . . the injuries wouldn't have been as severe." *Id.*

Plaintiff also faults defendants for delaying medical care until 8:20 a.m. [doc. # 1, p. 3]. He alleges: "unreasonable negligence for 7 hours being unattend[ed] with massive burns . . . [sic]." *Id.*

Plaintiff "will require extensive ongoing medical treatment" and medical expenses, which will impact his ability to enjoy life. *Id.* He suffers from post-traumatic stress disorder, permanent facial disfigurement and scarring, blurred vision, "sleeping disorder," mental anguish, and physical pain. *Id.* He seeks $375,000.00 for his pain and suffering, as well as $225,000.00 in attorney fees. *Id.* at 5.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state

4

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Protect**

To state a failure-to-protect claim, Plaintiff must allege that defendants' actions or inaction amounted to deliberate indifference. That is, he must allege that Lieutenant Fry and Sergeant Doe "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

Here, Plaintiff does not plausibly allege that either defendant knew of, and disregarded, a substantial risk of serious harm. He claims that Fry and Doe: (1) failed to remain awake; (2) failed to be in the "key all night"; (3) failed to check on the tier every hour; and (4) failed to monitor surveillance cameras. These claims, as Plaintiff recognizes, sound in negligence: "The failure of employees to notice and stop [an] assault constitutes negligence, not deliberate indifference." *Brumfield v. Natchitoches Par. Det. Ctr.,* 689 F. App'x 309, 310 (5th Cir. 2017).

5

Fry and Doe did not, under Plaintiff's allegations, *know* of a substantial risk of serious harm; rather, Plaintiff alleges that they *should have known* because they should have remained vigilant, remained in the proper location, and monitored the tier and cameras. In fact, even Plaintiff did not know he was at risk as he alleges that he had no "knowledge [that] the incident would take place," and that he "had no idea that things would go this far . . . ." [doc. # 7, p. 2].

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, n.8 (5th Cir. 2002) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); see *Mosley v. Anderson*, 425 F. App'x 343, 344 (5th Cir. 2011) ("To the extent that prison officials were negligent for not preventing the assault, Mosley is not entitled to relief on this basis.").

While the undersigned is sympathetic to Plaintiff's plight, Plaintiff's allegations do not amount to a constitutional violation. Defendants' actions, rather, amount to no more than possible negligent conduct. If Plaintiff intends to pursue negligence claims, he should do so in state court. This Court should dismiss these claims.

**3. Medical Care**

Plaintiff faults defendants for failing to render or arrange medical care for several hours after he requested care. [doc. # 1, p. 3].

A plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A

6

prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); see *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); see *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff does not plausibly allege that these defendants were deliberately indifferent. For instance, Plaintiff alleges: "unreasonable negligence for 7 hours being unattend[ed] with massive burns . . . [sic]." He alleges: "if the staff at Tensas Detention Center

7

had been in [the] proper place during or after the incident . . . the injuries wouldn't have been as severe." As above, defendants did not *know* of a substantial risk of serious harm; rather, Plaintiff alleges that they *should have known* because they should have remained vigilant, remained in the proper location, and monitored the tier and cameras.

Plaintiff does not allege that any defendant refused to treat him, ignored his complaints, or intentionally treated him incorrectly. Defendants' actions do not reflect the type of "'cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help'" that the Fifth Circuit has "recognized as necessary to constitute deliberate indifference." See *Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014); *Zaunbrecher v. Gaudin*, 641 F. App'x 340, 346 (5th Cir. 2016) (defining deliberate indifference as "egregious intentional conduct").

Instead, as Plaintiff recognizes, he claims that defendants were negligent, and acts of negligence do not constitute deliberate indifference. *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.").

Accordingly, the Court should dismiss these claims. See *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet.").

**4. Tensas Detention Center**

Plaintiff names Tensas Detention Center as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or

8

partnership." LA. CIV. CODE art. 24. Tensas Detention Center does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against Tensas Detention Center.

### 5. Louisiana Department of Public Safety and Corrections

Plaintiff names the Louisiana Department of Public Safety and Corrections as a defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, the Louisiana Department of Public Safety and Corrections is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons . . . ."); see *Carrere v. May*, 2016 WL 6684796, at *2 (W.D. La. Sept. 9, 2016), report and recommendation adopted, 2016 WL 6684247 (W.D. La. Nov. 14, 2016) ("[T]he Louisiana Department of Corrections, a state agency, is not a 'person' within the meaning of 42 U.S.C. § 1983."). Here, accordingly, the Court should dismiss Plaintiff's claims against the Louisiana Department of Public Safety and Corrections.

### 6. Jane Does and Warden Smith

Plaintiff names Jane Does and Warden Smith as defendants, but he does set forth any allegations against them.[3] A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.

---

[3] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate his rights.

*Ashcroft*, 556 U.S. at 662. Here, the Court should dismiss Jane Does and Warden Smith because Plaintiff does not raise claims against them.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Gregory Stewart's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 27th day of March, 2020.

Karen L. Hayes
United States Magistrate Judge